UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW SHULTZ,

    Plaintiff,

vs.

FATEMEH MAHALATI,

    Defendant.

Case No.
6:25-cv-1478-CEM-RMN

## ORDER

This matter is before the Court without oral argument on Plaintiff's Motion to Seal Records and Protect Confidential Information (Dkt. 8), filed on August 8, 2025. The motion has been referred to a magistrate judge for consideration.

The motion is denied without prejudice for four reasons. First, all pleadings, motions, and other papers filed in this Court must comply with the requirements of Local Rule 1.08. That rule requires filings to be typewritten papers, using certain typefaces and sizes. *See* Local Rule 1.08(a)–(b). The rule also requires the use of double-spacing for a filing's main text. *See id*. 1.08(a).

Second, Local Rule 3.01(a) requires that every motion "include—in a single document no longer than twenty-five pages inclusive of all parts—a concise statement of the precise relief

requested, a statement of the basis for the request, and a legal memorandum supporting the request." The motion does not include a legal memorandum and so does not comply with the requirements of Local Rule 3.01(a).

Third, the motion does not comply with the requirements of Local Rule 1.11. That rule requires parties who wish to seal an item to include certain information in any such motion, including (among other things) the item the litigant wishes sealed and the reason filing and sealing the item is necessary for prosecution of the party's claims or defenses. *See* Local Rule 1.11(b).

Fourth, the motion is due to be denied on the merits. "Once a matter is brought before a court for resolution," says the Eleventh Circuit, "it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). The Eleventh Circuit has explained that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (internal punctuation omitted) (quoting *Landmark Commc'ns, Inc. v. Va.*, 435 U.S. 829, 839 (1978), and *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)). "The common-law right of access includes the right to inspect and copy public records and documents." *Chi. Trib. Co.*, 263 F.3d at

1311 (citing *Nixon v. Warner Commc'ns. Inc.*, 435 U.S. 589, 597 (1978) (referencing specifically the right to inspect and copy "judicial records and documents.")).

"The common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero*, 480 F.3d at 1245 (quoting *Chi. Trib. Co.*, 263 F.3d at 1313). In balancing these interests "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.* at 1246.

Plaintiff has not shown good cause for sealing the complaint or any other filing here. He does not establish why the information he wishes to seal is required for the Court's adjudication of his claims. Nor does he discuss the interests the Eleventh Circuit identified in *Romero*. Nor does he establish there are no less onerous alternatives to sealing.

And to the extent that Plaintiff wishes to seal all or most of the filings in this matter, he must show that "the denial [of access] is necessitated by a compelling governmental interest, and is narrowly

tailored to that interest." *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985) (citation omitted).

Accordingly, it is **ORDERED** that Plaintiff's Motion to Seal Records and Protect Confidential Information (Dkt. 8) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on August 13, 2025.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Matthew Gary Shultz
8245 Curry Ford Road
Orlando, Florida 32822